# EXHIBIT F

**Caratube International Oil Company LLP**
v.
**Republic of Kazakhstan**
**(ICSID Case No. ARB/08/12)**

**Members of the Tribunal:**

1. **Professor Karl-Heinz Böckstiegel, President**
2. **Dr. Gavan Griffith QC, Arbitrator**
3. **Dr. Kamal Hossain, Arbitrator**

**Date: 26 May 2010**

# <u>Procedural Order (PO) No. 3</u>

## 1.    Introduction

The Tribunal has taken note of the various recent submissions by the Parties, which need not be repeated here, regarding the following issues. The Tribunal has carefully considered the arguments put forward by the Parties and hereafter only relies on the major reasons which it considers decisive for its conclusions.

## 2.    Claimant's Request for a Minimum 6-Month Extension and Respondent's Requests regarding the Section 1782 Petition

2.1.    It is recalled that, according to the agreed timetable recorded in section 14.12 of PO-1, Claimant has to submit its Reply Memorial by 16 July 2010.

2.2.    Claimant, by its letter of 29 April 2010, has requested "at a minimum, a six month extension to the procedural schedule". Respondent, by letter of 10 May 2010, has objected to this request. Subsidiarily, should the Tribunal nevertheless grant such an extension, Respondent has requested that the Tribunal "grant an equivalent extension of time for the filing of its Rejoinder Memorial". Further comments were received from Claimant by letter of 17 May, and by Respondent by letter of 24 May, 2010.

2.3.    While Claimant, by its letter of 29 April 2010, primarily only informed this Tribunal on its Section 1782 petition, Respondent, by its letter of 10 May 2010, has requested this Tribunal to order Claimant "to cease and desist from the US Action". Claimant, by letter of 17 May 2010, has objected to this request. By letter of 24 May 2010, Respondent submitted further comments in this regard and additionally requested "that the Tribunal declare that it will not admit evidence obtained as a result of the US Action".

2.4.    Claimant has put forward two grounds in support of its extension request, namely (1) the recent change of counsel, and (2) to give an opportunity to pursue its Section 1782 petition. The Tribunal determines that neither of these grounds justifies a departure from the procedural timetable established with the consent of the Parties more than a year ago and recorded in the Minutes of the 1st Session.

2.5.     First, change of counsel, in the view of the Tribunal, is a procedural choice of a party which in itself cannot form a basis for a substantial change in the agreed timetable. This particularly is the case where the application for a long extension is made late in the procedure, in this case four months after the last Memorial by Respondent and more than two months before the Claimant's Reply Memorial is due.

2.6.     Second, whilst the Tribunal might have been minded to find that its prior consent should have been sought by Claimant before the presentation of its Section 1782 petition, the Tribunal concludes that it is not necessary for it to order Claimant to cease and desist from the US action. A party starting a Section 1782 procedure before the US courts does so and chooses the time for such a petition at its own risk. But the existence of such a petition to domestic courts cannot interfere with the Tribunal's maintenance of its authority over the arbitral procedure and with the timetable established with the consent of the Parties.

2.7.     Regarding the additional request submitted by Respondent in its letter of 24 May 2010, the Tribunal considers that this is a matter for a later decision. Reference is made to section 2.3. of PO-2. Should Claimant, at a later stage of this arbitral procedure apply to admit any document produced in the Section 1782 procedure, this Tribunal will have to decide on such an application having regard to its  obligation to accord procedural fairness to the Parties and particularly to Respondent's right to object and to reply to such a document.

**3.      Respondent's Request to change section 5.1. of Procedural Order No.2 regarding the translation of documents**

3.1.     By its letter of 19 May 2010, Respondent has requested the Tribunal to reconsider and change the ruling in section 5.1. of PO-2 regarding the translation of documents. Claimant, by letter of  21 May 2010, has objected to that request.

3.2.     In this regard, the Tribunal refers to section 7.1 of the Minutes of the 1st Session and to sections 3.2 and 5.1 of PO-2 and confirms that the requested Party is only required to produce unofficial translations of those parts of documents which can reasonably be considered as relevant and material for the other Party to present its case.

3.3.     For the reasons mentioned in section 5.1 of PO-2, and as this provision equally applies to the production of documents by both parties, the Tribunal concludes that section 5.1 should be maintained.


Karl-Heinz Böckstiegel
President of Tribunal